No. 13-15368

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Kim Carson and Jim Carson,
*Plaintiffs and Appellants*,

vs.

Bank of America, N.A.
*Defendant and Appellee*.

On Appeal from the United States District Court
Eastern District of California No. 2:12-CV-01487-MCE-CMK
The Honorable Morrison C. England

**REPLY BRIEF OF APPELLANT**

MELLEN LAW FIRM
Matthew D. Mellen (Cal. State Bar No. 233350)
Jessica R. Galletta (Cal. State Bar No. 281179)
411 Borel Ave., Suite 230
San Mateo, CA 94402
Tel. (650) 638-0120 ● Fax (650) 638-0125

*Attorneys for Appellants*
Kim Carson & Jim Carson

# TABLE OF CONTENTS

I.    INTRODUCTION……………………………………………………………..1

II.   ARGUMENT……………………………………………………………..2

    A.    Respondent's Brief Fails to Adequately Address the Crux of Appellant's Position……………………………………………………..2

        1. Recent Cases Have Limited the <u>Abdallah</u> Ruling to Actions Seeking to Set Aside a Foreclosure Sale……………………………………….3

        2. Other Courts Similarly Limit the Tender Requirement to Actions to Set Aside a Foreclosure Sale……………………………………4

III.  CONCLUSION…………………………………………………………...6

# TABLE OF AUTHORITIES

**Cases**

Abdallah v. United Savings Bank,
    51 Cal. Rptr. 2d 286, 292 (Cal. App. 4th 1986)……………………….2, 3, 4

Harvey v. Bank of America, N.A.,
    906 F. Supp. 2d 982 (C.A.N.D. 2012)…………………………………..5

Lona v. Citibank, N.A.,
    202 Cal.App.4th 112…………………………………………………….4

Mabry v. Superior Court
    185 Cal.App.4th 208, 225–226 (2010)…………………………………5

Pfeifer v. Countrywide Home Loans, Inc.,
    211 Cal. App. 4th 1250………………………………………………….5

Soares v. ReconTrust Co., N.A.,
    2012 U.S. Dist. LEXIS 73383 *10)……………………………………….5

West v. JP Morgan Chase,
    214 Cal. App. 4th 780 (Cal. App. 4th 2013)……………………….3

I.  INTRODUCTION

There is a vast misunderstanding or intentional misunderstanding by bank defense counsel regarding the tender doctrine in foreclosure related litigation. The mere fact that a case involves factual allegations pertaining to a foreclosure sale does not automatically implicate the tender doctrine. The issue on appeal is whether it is proper for a court to dismiss a post-foreclosure lawsuit for damages on the equitable doctrine of tender. In the case at hand, Plaintiffs-Appellants Kim and Jim Carson's two properties were sold at foreclosure after they relied on their lender's representations. When the Carsons were prevented from reinstating their loan, the bank sold two properties out from under them. Following these events, and realizing that title to these properties was gone, the Carsons sued for damages, intentionally refraining from seeking to quiet title. However, the Carsons were deprived of their day in court after the District Court invoked the obsolete doctrine of tender and dismissed Plaintiffs-Appellants' case in its entirety. Had these events occurred following adoption of the California Homeowners Bill of Rights, Plaintiffs-Appellants lawsuit would never have been dismissed. Thus, the primary issue on appeal is whether the equitable doctrine of tender can be invoked to entirely dismiss a lawsuit for damages, simply because the facts of the case include a non-judicial foreclosure.

Respondent and numerous quotations from numerous cases state that "in order to seek equity, one must do equity." That maxim as it pertained to tender is taken from a time when the only to do equity was to tender the accelerated amount. Appellant has shown that since passage of the right of reinstatement, a way to do equity is to pay the reinstatement amount, otherwise it is not equitable to the borrower. Respondent has not even attempted to address this with any controlling authority.

## II. ARGUMENT

### A. Respondent's Brief Fails to Adequately Address the Crux of Appellant's Position.

The primary issue on appeal in this case is the District Court's dismissal of Appellants' claims for damages based on the equitable doctrine of tender. Appellants contend a post-foreclosure lawsuit for damages is not subject to the tender requirement invoked when a borrower-litigant seeks to unwind a foreclosure sale. In this case, however, Appellants were not seeking to unwind the foreclosure sale of their properties and were, instead, solely seeking damages for Respondent's misconduct with regard to Appellants' loan. In response to the crux of Appellants' position, Respondent relies on the <u>Abdallah</u> case, claiming that <u>Abdallah</u> mandates application of the tender doctrine to all post-foreclosure litigation. This argument fails.

1. **Recent Cases Have Limited the <u>Abdallah</u> Ruling to Actions Seeking to Set Aside a Foreclosure Sale**.

In <u>Abdallah</u>, the Court considered an action wherein the appellants challenged the foreclosure of a property which they contended was conducted in violation of a bankruptcy stay. <u>Abdallah v. United Savings Bank</u>, 51 Cal. Rptr. 2d 286, 292 (Cal. App. 4th 1986). On appeal, the Court held that Appellants' claims were properly dismissed because they failed to allege tender of the amount of indebtedness, finding that an allegation of tender is required in order to maintain any cause of action for irregularity in the sale procedure. <u>Abdallah</u> at 293. However, the case of <u>West v. JP Morgan Chase</u>, 214 Cal. App. 4th 780 (Cal. App. 4th 2013), the most recent case to analyze the <u>Abdallah</u> tender ruling limits the tender doctrine to actions seeking to set aside a foreclosure sale.

The case of <u>West v. JP Morgan Chase</u> involved a borrower's breach of contract claim following an unnoticed foreclosure. In <u>West</u> after her loan went into default, Appellant West was placed into a trial period reduced payment plan (TPP). <u>West</u> at 785. West complied with the terms of the TPP and timely made every reduced monthly payment on her loan during the trial period and afterwards. <u>Id</u>. Nonetheless, Chase Bank denied West a permanent loan modification, and West's home was sold at a trustee's sale just two days after Chase Bank told her, so West alleged, that no foreclosure sale was scheduled. <u>Id</u>. West sued for breach of contract, fraud, promissory estoppel, and other causes of action. <u>Id</u>. The lower

3

court dismissed West's complaint in its entirety. Id. On appeal, the Court sustained the lower court's ruling with regard to West's equitable causes of action to set aside the foreclosure sale and for quiet title, finding that the complaint lacked an allegation of tender. Id at 800. 801-802 (an allegation of tender of the indebtedness is necessary when the person seeking *to set aside the foreclosure sale* asserts the sale is voidable due to irregularities in the sale notice or procedure)(emphasis added); (citing Lona v. Citibank, N.A., 202 Cal.App.4th 112; Abdallah v. United Savings Bank at 1109). The Court overruled the lower court's ruling with regard to all of West's causes of action for damages, finding no tender requirement as to those causes of action. See id.

### 2. Other Courts Similarly Limit the Tender Requirement to Actions to Set Aside a Foreclosure Sale.

Similarly, in Harvey v. Bank of America, the Court found that tender is only required in an action to set aside a foreclosure sale. In that case, borrower-plaintiff was induced to default on his loan through false promises of a loan modification. When plaintiff-appellant was dual tracked into a foreclosure scenario and faced the imminent loss of his home to foreclosure, Appellant sued. Defendant Bank of America's primary challenge to Plaintiff's lawsuit was tender, invoking Abdallah and arguing that Plaintiff's failure to allege a willingness to tender the entire indebtedness of the loan was fatal to the case. The District Court disagreed,

finding that "tender is required only when a plaintiff seeks the remedy of setting aside a foreclosure sale." <u>Harvey v. Bank of America, N.A.</u>, 906 F. Supp. 2d 982, 989 (C.A.N.D. 2012) (citing <u>Soares v. ReconTrust Co., N.A.</u>, 2012 U.S. Dist. LEXIS 73383 *10).

        **3.**    Tender Not Required In Other Foreclosure-Related Litigation.

Courts have not required tender when the lender has not yet foreclosed and has allegedly violated laws related to avoiding the necessity for a foreclosure. <u>Pfeifer v. Countrywide Home Loans, Inc.</u>, 211 Cal. App. 4th 1250 (citing <u>Mabry v. Superior Court</u> 185 Cal.App.4th 208, 225–226 (2010). In the case of <u>Mabry v. Superior Court</u>, the California Supreme Court failed to require tender of the entire indebtedness in an action claiming violations of California non-judicial foreclosure statutes prior to a foreclosure sale. <u>Id</u>. Thus, it's clear that, despite Respondent's assertion to the contrary, the equitable doctrine of tender is not universally applied to foreclosure related lawsuits and is not applicable to the case at hand in an action for damages arising out of a wrongful foreclosure.

### III. CONCLUSION

In the middle of 2012, California Legislature met in a series of special sessions and passed effective January 1, 2013, the newly enacted Homeowners Bill

of Rights. In a preamble to these new sections of the civil code, the Legislature stated the public policy of California:

> "It is essential to the economic health of this state to mitigate the negative effects on the state and local economies and the housing market that are the result of continued forecloses by modifying the foreclosure process to ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options. These changes to the state's foreclosure process are essential to ensure that the current crisis is not worsened by unnecessarily adding foreclosed properties to the market when an alternative to foreclosure may be available."

<u>See</u> Preamble to 2920.5, Section 1, sub. (b).

Is not reinstatement under 2924c the "original" foreclosure prevention alternative? This was passed years ago to allow people to avoid foreclosure by allowing tender of only the amounts in default. Why is the legislature scrambling in special sessions to pass laws to slow down foreclosures, when California already has protections against foreclosure which are being disregarded? No one denies that California has a foreclosure crisis. When all of these properties are being sold, it's realistic to believe that some of these properties will be sold in error - without providing the borrower his right of reinstatement. Under the tender rule as applied herein, only the very wealthy will be able to address these errors. However, if the requirement can be met by allowing tender of only the reinstatement amount, then equity will truly be done for both borrower and lender. For all of the foregoing reasons, the instant appeal should be granted.

6

Dated: October 4, 2013       MELLEN LAW FIRM

                                  By: */s/ Jessica Galletta*
                                      Jessica Galletta, Es1.
                                      Attorneys for Appellants
                                      KIM CARSON
                                      JIM CARSON

CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                _/s/ Molly Bell_____
                                Molly Bell